**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DOMINIC LAGUER CABANES, | No. 15-70790 |
| Petitioner, | Agency No. A088-119-733 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 26, 2016[**]

Before:    SCHROEDER, CANBY, and CALLAHAN, Circuit Judges.

Dominic Laguer Cabanes, a native and citizen of the Philippines, petitions

for review of the Board of Immigration Appeals' ("BIA") order denying his

motion to reconsider the BIA's prior order dismissing his appeal from an

immigration judge's ("IJ") decision denying his request for a continuance and

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

application for adjustment of status, and ordering him removed. Our jurisdiction is governed by 8 U.S.C. § 1252. We review the denial of a motion to reopen or reconsider for abuse of discretion. *Cano-Merida v. INS*, 311 F.3d 960, 964 (9th Cir. 2002). We deny in part and dismiss in part the petition for review.

The BIA did not abuse its discretion in denying Cabanes' motion. Construed as a motion to reconsider, the motion failed to specify any error of fact or law in the prior order. *See* 8 C.F.R. § 1003.2(b)(1); *see also* 8 C.F.R. § 1240.8(d) (it is the alien's burden to establish eligibility for relief). Construed as a motion to reopen, the attached affidavit was not previously unavailable evidence that could not have been discovered or presented at the former hearing. *See* 8 C.F.R. § 1003.2(c)(1). The BIA also did not abuse its discretion in determining that the affidavit lacked the requisite financial information.

Cabanes' contentions that the BIA did not consider or improperly evaluated the evidence he submitted with his motion to reconsider are not supported by the record.

To the extent Cabanes seeks review of the BIA's July 21, 2014, order dismissing his appeal, we lack jurisdiction because the petition for review is not timely as to that order. *See* 8 U.S.C. § 1252(b)(1); *Singh v. INS*, 315 F.3d 1186, 1188 (9th Cir. 2003).

To the extent Cabanes challenges the underlying proceedings before the IJ, including the denial of an additional continuance, we lack jurisdiction to review these unexhausted contentions. *See Tijani v. Holder*, 628 F.3d 1071, 1080 (9th Cir. 2010).

In light of this disposition, we need not reach Cabanes' remaining contentions regarding his eligibility for adjustment of status.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**